IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 21-746-CFC |
| CHRISTIANA HEALTH CARE SERVICES, | ) ) ) ) |
| Defendant. | ) ) |

Kimberly Thomas, New Castle, Delaware, Pro se Plaintiff.

Jody Barillare, Esquire, Morgan Lewis & Bockius LLP, Wilmington, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

March 7, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Kimberly Thomas, who appears *pro se* and has paid the filing fee, commenced this employment discrimination action on the basis of race and color pursuant to the Title VII of the Civil Rights of 1964, as amended. (D.I. 2) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is Plaintiff's request for counsel,[1] Defendant's motion to dismiss, and Plaintiff's motion to file a sur-reply.[2] (D.I. 9, 14, 20)

## I. BACKGROUND

Plaintiff was employed by Defendant ChristianaCare Health System, incorrectly named by Plaintiff as Christiana Care Health Services. Plaintiff's Complaint states that she was harassed by her former employer based upon her race and color. (D.I. 2 at 2-3) The Complaint refers to a February 2017 occurrence when a "former colleague harass[ed] her referencing [her] hair." (*Id.* at 4) Plaintiff reported the matter to Human Resources and no one communicated with Plaintiff to address the issue. (*Id.*) Plaintiff alleges that as time passed the work environment became hostile, and her hairstyle is protected under 2 Del. C. § 1901.[3]

---

[1] Plaintiff requests counsel. (D.I. 9) She paid the filing fee and seeks counsel on the ground that she went "through the proper channels with no resolution," does not indicate that she is unable to afford counsel, and provides no other grounds for counsel. Her request will be denied pursuant to 28 U.S.C.§ 1915(e)(1) (The court may request an attorney to represent any person unable to afford counsel.).

[2] Plaintiff's motion to file a sur-reply will be denied as moot. (D.I. 20) After reviewing the file, the Court has concluded that a sur-reply is not necessary.

[3] This statute, referred to as the CROWN Act was signed into Delaware law on April 13, 2021. It is designed to prevent students, workers, and tenants from being subjected to unequal treatment due to hair texture or protective hairstyles historically associated with race. The Act amends Delaware discrimination law so that the term "race" is inclusive of traits historically associated or perceived to be associated with race, including hairstyles like braids, locs, and twists. *See* https://www.thecrownact.com/delaware

The Complaint states that Plaintiff received a notice of right to sue letter from the EEOC on February 2, 2021.  (*Id.* at 2)  Plaintiff, however, did not attach to the Complaint or otherwise file with the Court a right to sue notice from the EEOC.  (Plaintiff attached a right to sue notice from the Delaware Department of Labor; not the EEOC.)  (D.I. 2-1 at 1)  To date, Plaintiff has not provided the Court with a right to sue letter from the EEOC.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds the Complaint fails to state a claim upon which relief can be granted.  (D.I. 15)  Plaintiff opposes.

## II.     LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of

---

(last visited Feb. 14, 2022).

2

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The Court liberally construes the Complaint as alleging race discrimination and a hostile work environment due to harassment. Defendant moves to dismiss on the grounds that Plaintiff fails to state claims of discrimination or harassment due to her race. Plaintiff's response does not address the grounds for dismissal raised by Defendant; instead, she focuses on the termination of her employment and argues it was too harsh and caused her distress.

3

To state a claim under Title VII for employment discrimination, Plaintiff must allege that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Plaintiff need not convince the Court of any of these elements at the motion to dismiss stage, but must submit more than "the naked assertion" that she suffered an adverse employment action because of her membership in a protected class. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014).

To state a hostile work environment claim, Plaintiff must show that: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of vicarious liability. *See Aman v. Cort Furniture Retail Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996). The first four elements establish a hostile work environment, and the fifth element determines employer liability. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

The essence of a Title VII claim is that an employee has been treated less favorably than others on account of her race, color, religion, sex, or national origin. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Plaintiff's Complaint states that she was harassed by her former employer, and she checked boxes on the complaint form indicating that the discrimination was based upon race and color. (D.I. 2 at 3) Plaintiff, however, does not identify her race, and the Complaint

4

contains no facts to support a claim of discrimination based upon race. Plaintiff alleges that a fellow employee "harass[ed] me referencing my hair" and "complain[ed] on several occasions about my hair at work," but she does not describe her hairstyle, allege that she wore an ethnic or cultural hairstyle, or allege that the comments about her hair were racially motivated. Rather she describes the colleague's comments about her hair as constituting "unprofessionalism." (D.I. 2 at 4)

Even when liberally construing Plaintiff's allegations, as the Court must, the Complaint fails to state Title VII claims of race or color discrimination or a hostile work environment. With respect to discrimination, Plaintiff alleges at most that she is a member of an unidentified suspect class and that she suffered an adverse employment decision. The allegations, however, do not suggest that any alleged discrimination occurred because of her race. With respect to hostile work environment, there are no allegations that Plaintiff suffered intentional discrimination because of her race. The alleged behavior described does not suggest racial animus. Indeed, the claim does not tie the allegedly "offensive and hostile environment" to Plaintiff's race in any way.

Plaintiff must plead facts that plausibly connect her race or color to the adverse actions about which she complains. The Complaint fails in this regard. Therefore, the Court will grant Defendant's motion to dismiss. Because Plaintiff proceeds *pro se*, she will be given an opportunity file an amended complaint to cure the pleading defects. In addition, Plaintiff will be ordered to provide the Court with a copy of the EEOC notice of right to sue letter.

## IV.  CONCLUSION

For the reasons discussed above, the Court will (1) deny Plaintiff's request for counsel (D.I. 9); (2) grant Defendant's motion to dismiss (D.I. 14); and (3) deny as moot Plaintiff's motion to file a sur-reply (D.I. 20).  Plaintiff will be given leave to amend and will be ordered to provide the Court with a copy of the EEOC notice of right to sue letter.

The Court will issue an order consistent with this Memorandum Opinion.