IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 21-746-CFC |
| CHRISTIANA HEALTH CARE SERVICES, | ) ) ) ) |
| Defendant. | ) ) |

Kimberly Thomas, New Castle, Delaware, Pro se Plaintiff.

Jody Barillare, Esquire, Morgan Lewis & Bockius LLP, Wilmington, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

March 27, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Kimberly Thomas, who appears *pro se* and has paid the filing fee, commenced this employment discrimination action on the basis of race and color pursuant to the Title VII of the Civil Rights of 1964, as amended. (D.I. 2) After the Court granted Defendant's motion to dismiss and allowed Plaintiff leave to amend her Complaint, Plaintiff filed an Amended Complaint, which is the operative pleading. (D.I. 23) Before the Court is Defendant's motion to dismiss the Amended Complaint. (D.I. 24) The matter is fully briefed.[1]

## I.  BACKGROUND

Plaintiff was employed by Defendant ChristianaCare Health System, incorrectly named by Plaintiff as Christiana Care Health Services, from October 2009 through October 2017. (D.I. 16 at 4) Both Plaintiff's initial Complaint and Amended Complaint allege that she was harassed by her former employer based upon her race and color, and both pleadings focus on incidents that occurred in February and July 2017, *i.e.*, before the end of Plaintiff's employment.

The initial Complaint states that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 29, 2017, and that she received a notice of right to sue letter from the EEOC on February 26, 2021.

---

[1] Also before the Court is Plaintiff's motion for an extension of time to file her response to the motion to dismiss. (D.I. 27) The motion for extension will be granted, and her response (D.I. 28) is accepted.

1

(D.I. 2 at 2) Attached to the Complaint was a right to sue letter from the Delaware Department of Labor ("DDOL"), which was dated February 26, 2021, and contained both a DDOL case number ("DDOL No.: THO101217") and an EEOC case number ("EEOC No.: 17C-2018-00035"). (D.I. 2-1 at 1)

The February 26, 2021 DDOL right to sue letter contained a "No-Cause Determination," and stated that Plaintiff had alleged that she was wrongfully discharged as retaliation for engaging in protected activity. (*Id.*) Plaintiff also attached a charge of discrimination she filed with the DDOL on August 29, 2017, which stated that she remained employed by Defendant, that she had presented her discrimination complaint to the DDOL on July 20, 2017, and broadly outlined the allegations of harassment she ultimately included in her initial Complaint and Amended Complaint in this action. (*Id.* at 4)[2] Notably, on the August 29, 2017 charge of discrimination form, a box was checked indicating that Plaintiff was presenting the charge to the DDOL's Fair Employment Practice Agency ("FEPA"), but a second box was left unchecked which would have indicated that the charge was also being presented to the EEOC. (*Id.*) The section for "Applicable law(s)" stated only "Delaware Discrimination in Employment Act, as amended." (*Id.*) The August 20, 2017 charge of discrimination received a DDOL case

---

[2] By contrast to the pleadings in this case, the August 29, 2017 charge of discrimination indicated that the alleged harassment and discrimination were based on retaliation (rather than her race and color).

2

number, "THO072017," which is different than the DDOL case number that was included on the February 26, 2021 DDOL right to sue letter, "THO101217." (*Id.*; D.I. 2-1 at 1)

Defendant filed a motion to dismiss the initial Complaint on the grounds that Plaintiff failed to state claims of discrimination or harassment due to her race. (D.I. 14, 15) Defendant did not challenge administrative exhaustion. (*See* D.I. 15) The Court granted Defendant's motion to dismiss, provided Plaintiff an opportunity to amend, and directed her to provide the Court with a copy of the EEOC notice of right to sue letter. (D.I. 22)

In her Amended Complaint, Plaintiff essentially makes the same allegations contained in her original Complaint. (D.I. 23) As an exhibit to the Amended Complaint, she submitted another right to sue letter from the DDOL. (D.I. 23-1 at 1) This letter was dated January 7, 2021, contained no EEOC case number, and had the same DDOL case number contained in the August 29, 2017 charge or discrimination—THO072017. (*Id.*) The January 7, 2021 DDOL right to sue letter submitted with the Amended Complaint contained no information about the underlying charge, and stated only that "The Delaware Department of Labor, Office of Anti-Discrimination does not have jurisdiction over this matter." (*Id.*)

Defendant moves to dismiss the Amended Complaint as untimely and for failure to state a claim. (D.I. 25, 26) Regarding timeliness, Defendant appears

3

to incorrectly characterize the January 7, 2021 DDOL right to sue letter as having been generated by the EEOC (*See id.* at 9), and argues that the May 26, 2021 initial Complaint was untimely because it was filed more than 90 days after the January 7, 2021 right to sue letter was issued. In her response, Plaintiff argues that she had 180 days from the date of the January 7, 2021 right to sue letter to file the Complaint. (D.I. 28 at 5)

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236,

4

241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Before filing a Title VII claim in a court, a plaintiff must exhaust certain administrative remedies. *See Churchill v. Star Enters., Inc.*, 183 F.3d 184, 190 (3d Cir. 1999); *see also* 42 U.S.C. § 2000e-5. Specifically, a plaintiff is required to first lodge a complaint with either the EEOC or the equivalent state agency tasked with investigating claims of employment discrimination, such as the DDOL.

5

*See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue the plaintiff's claims and issues a right-to-sue letter, the plaintiff may file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1).

A DDOL right to sue letter unlocks the door for a plaintiff to file a timely civil action in Delaware Superior Court. *See* 19 Del. C. § 714(a). However, a DDOL right to letter cannot unlock the door to federal court; that key only comes in the form of an EEOC right to sue letter. *See* 42 U.S.C. § 2000e-5; *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *Anjelino v. New York Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999). When a discrimination charge implicates federal law, the general practice of the DDOL is to "dual file" it with the EEOC. *See Saylor v. State Dep't of Health & Soc. Servs.*, 569 F. Supp. 2d 420, 423 (D. Del. 2008).[3]

If the DDOL does not dual file with the EEOC, then the plaintiff can independently file a complaint with the EEOC within 300 days of the alleged unlawful employment practice, or within 30 days of receiving a right to sue letter from the DDOL, whichever is earlier. *See* 42 U.S.C. § 2000e-5(e)(1); *Williams v. Pa. Human Rels. Comm'n*, 870 F.3d 294, 298 (3d Cir. 2017); *McIntyre v. City of*

---

[3] *See also* https://labor.delaware.gov/divisions/industrial-affairs/discrimination/file-a-charge/ (last visited Mar. 21, 2023) ("If a charge is filed with the Department of Labor and is also covered by federal law, the department "dual files" the charge with the Equal Employment Opportunity Commission to protect federal rights.").

6

*Wilmington*, 441 F. App'x 957, 959 (3d Cir. 2011) (per curiam) (noting that Delaware is a "deferral state," in which the 300-day rule applies). After the EEOC issues a right to sue letter, the plaintiff has 90 days to file a federal civil action. *See Burgh*, 251 F.3d at 470-71.

With that framework in mind, the Court turns to the administrative documents filed in this case. The February 26, 2021 DDOL right to sue letter that was filed with the initial Complaint indicates that the charge was dual filed with the EEOC because it contains both a DDOL case number and an EEOC case number. *See Thompson-El v. Greater Dover Boys & Girls Club*, 2020 WL 4286868, at *2 (D. Del. July 20, 2020). Although Plaintiff, to date, has failed to file with this Court a corresponding EEOC right to sue letter, and one presumably exists, it appears to be irrelevant for the purposes of this case. As noted, the February 26, 2021 DDOL right to sue letter references Plaintiff's discharge from employment (D.I. 2-1 at 1), which is not a component of her claims before this Court, all of which involve alleged conduct from before the end of her employment.

By contrast, the August 20, 2017 charge of discrimination, which contains only a DDOL case number and indicates that the charge was not dual filed with the EEOC, broadly tracks the claims before this Court. (*Id.* at 4) The January 7, 2021 DDOL right to sue letter has the same DDOL case number as August 20,

7

2017 charge of discrimination. Neither the August 20, 2017 charge of discrimination, nor the January 7, 2021 DDOL right to sue letter, indicate that *that* charge (*i.e.*, the relevant charge) was ever presented to the EEOC. Indeed, as noted, the August 20, 2017 charge listed only state law as applicable and left unchecked the box for presentation to the EEOC. Plaintiff may well have independently filed a timely complaint presenting that charge to the EEOC within 300 days of the alleged unlawful conduct, *see* 42 U.S.C. § 2000e-5(e)(1),[4] and received a right to sue letter from the EEOC less than 90 days before filing the initial Complaint, *see* § 2000e-5(f)(1), but nothing filed with this Court to date indicates that either of those events occurred. Accordingly, the Court will grant Defendant's motion to dismiss, and dismiss the Amended Complaint, without prejudice, as unexhausted.[5]

---

[4] Although § 2000e-5(e)(1) states that a plaintiff may file her EEOC complaint within 30 days of receiving a right to sue letter from the state agency, that option is only available when the date 30 days from the issuance of the state right to sue letter is earlier than the date 300 days from the alleged unlawful conduct, which is not the case here as the conduct occurred in 2017 and the DDOL right to sue letter was issued in 2021.

[5] Because Defendant did not raise exhaustion in its motion to dismiss the initial Complaint, the Court was not permitted to dismiss the initial Complaint on that ground. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("[T]he burden of pleading and proving that [the plaintiff] has not exhausted her administrative remedies in a timely way rest[s] on the [defendant]."); *McIntyre v. City of Wilmington*, 360 F. App'x 355, 356 (3d Cir. 2010) (per curiam) ("[F]ailure to exhaust is an affirmative defense and should not be the basis of a *sua sponte* dismissal.").

Having reviewed the Amended Complaint, the Court additionally notes that, even were the claims properly exhausted, the Amended Complaint would still be subject to dismissal for failure to state a claim for the same reasons outlined by the Court in granting Defendant's motion to dismiss the initial Complaint. (*See* D.I. 21 at 5-6)

## IV.   CONCLUSION

For the reasons discussed above, the Court will (1) grant Plaintiff's motion for an extension of time to file a response to Defendant's motion to dismiss (D.I. 27), (2) grant Defendant's motion to dismiss (D.I. 24); and (3) dismiss the Amended Complaint without prejudice.

The Court will issue an Order consistent with this Memorandum Opinion.